```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
BOARD OF TRUSTEES OF THE UFCW LOCAL
174 PENSION FUND,

                        Plaintiff,
                                              MEMORANDUM & ORDER
        -against-                             11-CV-3406(JS)(ARL)

JERRY WWHS CO., INC. d/b/a WEST
WASHINGTON MEATS,

                        Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:      Ira D. Wincott, Esq.
                    Law Office of Ira D. Wincott
                    166 East Jericho Turnpike
                    Mineola, NY 11501

For Defendant:      Eric C. Zabicki, Esq.
                    Douglas J. Pick, P.C.
                    350 Fifth Avenue, Suite 3000
                    New York, NY 101158
```

SEYEBRT, District Judge:

Plaintiff Board of Trustees of the UFCW Local 174 Pension Fund ("Plaintiff") commenced this action on July 14, 2011 against Jerry WWHS Co., Inc. d/b/a West Washington Meats ("Defendant") asserting a claim for breach of a settlement agreement. Presently pending before the Court is Plaintiff's motion for a default judgment. For the following reasons, Plaintiff's motion is DENIED and Plaintiff's Complaint is DISMISSED for lack of subject matter jurisdiction.

BACKGROUND

Plaintiff is the named fiduciary of the Local 174 Pension Fund (the "Fund").[1] (Compl. ¶ 2.) The Fund is administered and maintained pursuant to collective bargaining agreements in accordance with Section 302(c)(5) of the Taft Hartley Act, 29 U.S.C. § 186(c)(5). (Compl. ¶ 2.) Defendant and UFCW Local 342, the labor organization that for collective bargaining purposes represented the Defendant's employees, were the parties to one of those collective bargaining agreements (the "CBA"). (Compl. ¶ 6.) Pursuant to the CBA, Defendant had a duty to make contributions to the Fund in accordance with the terms of the CBA as well as the terms of the Agreement and Declaration of Trust governing the Fund. (Compl. ¶ 6.)

At some point in or before 2008, Defendant stopped making the required contributions and completely withdrew from the Fund, thereby triggering the imposition of withdrawal liability under section 4203 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended 29 U.S.C. § 1383. (Compl. ¶ 7.) However, Defendant refused to make any withdrawal liability payments; so in June 2008, Plaintiff commenced a lawsuit in the Eastern District of New York seeking payment of the outstanding withdrawal liability, see Bd. of Trustees of the

---

[1] The Fund is an employee pension benefit plan within the meaning of 29 U.S.C. § 1002(2)-(3) and is a multi-employer plan within the meaning of 29 U.S.C. § 1002(37).

<u>UFCW Local 174 Pension Fund v. Jerry WWHS Co.</u>, No. 08-CV-2325(ARR)(JO) (E.D.N.Y.) (the "Withdrawal Liability Action"). (Compl. ¶ 7.) Defendant failed to appear or otherwise respond to that complaint, and in April 2009 Plaintiff was awarded a default judgment in the amount of $322,680.15. (Compl. ¶¶ 8-9 & Ex. A.)

Rather than seek to collect under the default judgment, on September 3, 2009, Plaintiff entered into a settlement agreement (the "Agreement") with Defendant. (Compl. Ex. B.) Pursuant to the Agreement, Defendant agreed to pay Plaintiff a total of $503,961.00 in periodic installments in exchange for Plaintiff ceasing its efforts to enforce the default judgment. (Compl. ¶ 11 & Ex. B.) The Agreement also provided that, in the event of default, Plaintiff had "at its sole option and discretion the right to demand immediate payment of the entire $503,961.00, together with interest, liquidated damages, costs and attorney's fees." (Compl. Ex. B ¶ 3.) Defendant "expressly waive[d] any notice of the submission of a default judgment to the Court . . . and further expressly waive[d] any right to challenge, object to or defend against entry by the Court of such default judgment." (Compl. Ex. B ¶ 3.)

Defendant failed to make its scheduled payment on February 17, 2011. (Compl. ¶ 13.) Then, on April 6, 2011,

3

Defendant assigned all of its assets and liabilities to Douglas A. Pick (the "Assignee") for the benefit of all of Defendant's creditors. (Pick Aff., Docket Entry 3, ¶ 3 & Ex. B.) Defendant's estate is now being administered by Mr. Pick under the supervision of the New York State Supreme Court, Kings County (the "Assignment Proceeding"). <u>In re Gen. Assignment for the Benefit of Creditors of Jerry WWHS Co., Inc. d/b/a W. Wash. Meats v. Pick</u>, No. 8288/2011 (Sup. Ct. Kings Cnty.). (Pick Aff. ¶ 3.) Then, on May 17, 2011, Defendant missed a second payment to Plaintiff. (Compl. ¶ 13.)

After providing Defendant with notice of default and an opportunity to cure, Plaintiff commenced the present action on July 14, 2011, seeking another default judgment in the amount of $503,961.00 in accordance with the terms of the Agreement. (Compl. ¶ 18.) Plaintiff served the Summons and Complaint on Defendant through the New York Secretary of State on July 26, 2011. (Docket Entry 2.) Defendant, however, did not receive the Summons and Complaint until August 12, 2011, because the address on file with the Secretary of State was outdated and the mail needed to be forwarded. (Pick Aff. ¶ 6 & Ex. E.)

Defendant moved to dismiss on August 15, 2011 on two grounds: (i) for improper service and (ii) because Defendant's assignment for the benefit of its creditors mandated that all of Defendant's liabilities be litigated and resolved in the

4

Assignment Proceeding. (Docket Entry 3.) The Court denied Defendant's motion on March 5, 2012.

On May 8, 2012, Plaintiff requested a certificate of default pursuant to the terms of the Settlement Agreement (Docket Entry 9), which the Court issued on May 22, 2012 (Docket Entry 10). Shortly thereafter, on June 4, 2012, Plaintiff filed the pending motion for default judgment. (Docket Entry 11.)

## DISCUSSION

"'It is a fundamental precept that federal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress." Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009) (quoting Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978); see also Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). "If subject matter jurisdiction is lacking and no party has called the matter to the court's attention, the court has the duty to dismiss the action sua sponte." Dupont, 565 F.3d at 62; see also FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In the present case, Plaintiff is seeking to enforce the Agreement. The Supreme Court has stated that an action

seeking to enforce a settlement agreement "is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." Kokkonen, 511 U.S. at 378. A district court can exercise ancillary jurisdiction over an action to enforce a settlement agreement only if the court "manifested an intent to retain jurisdiction or made the agreement part of its order of dismissal." Scelsa v. City Univ. of N.Y., 76 F.3d 37, 41 (2d Cir. 1996); see also Herrick Co. v. SCS Commc'ns, Inc., 251 F.3d 315, 327 (2d Cir. 2001). In the Withdrawal Liability Action, the court entered a default judgment in favor of Plaintiff and closed the case before the parties entered into the Agreement. Thus, as the Agreement was never presented to the court in the Withdrawal Liability Action, this Court lacks ancillary jurisdiction to hear the settlement dispute. Scelsa, 76 F.3d at 41; cf. Buckhannon Bd. & Care Home Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 604 n.7, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001) ("Private settlements do not entail the judicial approval and oversight involved in consent decrees. And federal jurisdiction to enforce a private contractual settlement will often be lacking unless the terms of the settlement are incorporated into the order of dismissal.").

A district court can nonetheless entertain an action to enforce a settlement agreement if there is "some independent

6

basis for federal jurisdiction." Kokkonen, 511 U.S. at 382. "[I]n cases involving settlement agreements whose enforcement requires interpretation or application of ERISA law, courts have ruled state-law claims preempted and have found federal jurisdiction." Miele v. Pension Plan of N.Y. State Teamsters Conference Pension & Ret. Fund, 72 F. Supp. 2d 88, 95 (E.D.N.Y. 1999); see also Burke v. Lash Work Env'ts, Inc., 408 F. App'x 438, 440-41 (2d Cir. 2011). "However, even in ERISA cases, courts have found federal jurisdiction lacking where enforcing a settlement agreement requires applying principles of contract law as opposed to interpreting statutory provisions." Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund ex rel. O'Sick v. DiBernardo Tile & Marble Co., No. 08-CV-0044, 2012 WL 3508931, at *3 (N.D.N.Y. Aug. 14, 2012) (collecting cases).

In the present case, determining whether to enforce the Agreement involves no interpretation or application of ERISA, as Defendant's liability under ERISA was already litigated in the Withdrawal Liability Action when Plaintiff was granted a default judgment. See, e.g., Peacock v. Thomas, 516 U.S. 349, 358, 116 S. Ct. 862, 133 L. Ed. 2d 862 (1996) (finding that the court lacked jurisdiction because "the alleged wrongdoing in th[e] case took place after the ERISA judgment was entered . . . [and] [o]ther than the existence of the ERISA

7

judgment itself, th[e] suit ha[d] little connection to the ERISA case"). But see Burke, 408 F. App'x at 439-41.[2]

Therefore, the Court finds that it lacks jurisdiction over the subject matter of this action. See Bricklayers, 2012 WL 3508931, at *4 ("While the Court is mindful of the federal courts' exclusive jurisdiction over ERISA matters and also of the clear ubiquity of federal issues in Plaintiffs' initial

---

[2] In Burke, the Second Circuit held that the district court had subject matter jurisdiction over a suit alleging breach of a settlement agreement resolving claims to recover withdrawal liability under ERISA. Burke, however, is distinguishable from the present action because the complaint in Burke asserted additional, independent claims arising under ERISA. Id. at 440.

In contrast, in the present action, the Complaint seeks to recover for Defendant's breach of the Agreement and asserts no additional theories of recovery under ERISA. Although the first paragraph and jurisdictional section of the Complaint assert that Plaintiff's claims arise under ERISA, the Court finds that this reference to ERISA is solely for the purpose of obtaining federal jurisdiction as the body of the Complaint only discusses Defendant's breach of the Agreement. See Bell v. Hood, 327 U.S. 678, 682-83, 66 S. Ct. 773, 90 L. Ed. 939 (1946) (holding that a district court lacks subject matter jurisdiction "where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such claim is wholly insubstantial and frivolous"); see also, e.g., Cote v. Town of St. Albans, 444 F. App'x 499, 500 (2d Cir. 2011) (affirming dismissal for lack of subject matter jurisdiction because although the plaintiff "cited 42 U.S.C. §§ 1983 and 1988, she failed to allege a claim arising under either statute"); Nachbaur v. Weiss, 19 F. App'x 24, 26 (2d Cir. 2001) (affirming dismissal for lack of subject matter jurisdiction because "the district court correctly determined Nachbaur's complaint cannot be read as stating a claim under RICO"); Sanderson v. Blue Cross & Blue Shield of Ala., 954 F. Supp. 237, 240 (M.D. Ala. 1996) ("[T]he mere fact that ERISA is mentioned in a pleading is insufficient to provide federal subject matter jurisdiction.").

Complaint, the Court concludes that . . . the request that the Court enforce the Agreement require[s] a state law contract analysis and do[es] not implicate the niceties of ERISA.").

CONCLUSION

For the foregoing reasons, Plaintiff's motion for a default judgment is DENIED, and the Complaint is sua sponte DISMISSED for lack of subject matter jurisdiction.

The Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

DATED:   February 7, 2013
         Central Islip, New York

9